FILED & JUDGMENT ENTERED
Steven T. Salata

January 3 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

IN RE:

Heather Anne King

SSN#: XXX-XX-8024

Chapter 13

CASE NO: 12-32102
Related Document #: 34

### ORDER DEEMING MORTGAGE LOAN ACCOUNT CURRENT, INCLUDING THE CURE OF ANY PRE-PETITION AND POST-PETITION ARREARAGES
### AND
### INSTRUCTING DEBTOR TO RESUME DIRECT MORTGAGE PAYMENTS

### REAL PROPERTY CREDITOR: US BANK NA

| Trustee Claim # | Clerk Claim # | Filed Claim Amount | Claim Type |
|---|---|---|---|
| 6 | 14 | $490,672.71 | M-Mortgage/Lease |
| 5 | 14 | $7,539.78 | N-Mortgage/Lease Arrears |

This matter came before the Court upon the notice and motion of the trustee in the above-referenced Chapter 13 case pursuant to Fed. R. Bank. P. 3002(f)-(i) and Local Rule of Bankruptcy Practice and Procedure 3003-1(f)(3), for an order determining that the mortgage loan account of the real property creditor US BANK NA, including any of its successors, assignees, or transferees, (hereinafter the "real property creditor") has been brought contractually current by trustee payment, including the cure by the trustee of any pre-petition and post-petition account arrearages, and instructing the debtor to resume making direct monthly payments on the mortgage loan account.

After timely notice and opportunity for hearing on the trustee's notice and motion to all affected parties in interest, and no party in interest has requested a hearing, the Court **finds and concludes** as follows:

1. Pursuant to prior administrative order of the Court and as confirmed by Court order entered on November 06, 2012 with any subsequent amendments or modifications, the debtor's Chapter 13 plan proposed to treat the real property creditor's mortgage loan claim as a conduit mortgage claim, with all post-petition conduit payments, as well as the cure of any pre-petition and post-petition arrearages and payment of any cost advances or other contractual expense claims filed with the Court and provided for by the plan, to be made through the Chapter 13 trustee.

    2.    The real property creditor did file with the Court and serve on the debtor, the debtor's counsel and the trustee the statement required by Fed. R. Bank. P. 3002.1(g) indicating that it agreed with the representations as set forth in the trustee's notice and motion.

    3.    The trustee has made all of the required payments on account of the mortgage loan claims of the real property creditor, including the cure of any pre-petition and post-petition arrearages, as required by the Court's administrative orders, the order confirming plan and other applicable law, and the mortgage loan account should be determined to be current by trustee payment through December 2017.

    4.    The debtor should be ordered to resume making direct mortgage payments to the real property creditor with the first of such direct payments to be credited by the real property creditor for the payment contractually due for January 2018.

    Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

    1.    The mortgage loan account of US BANK NA is deemed current by trustee payment, including the cure of any pre-petition and post-petition arrearages, through December 2017.

    2.    The real property creditor shall show upon its books and records that all conduit payments, arrearages, interest, costs and expenses that have accrued on the mortgage loan account through December 2017 have now been satisfied by trustee payment.

    3.    The debtor shall resume making the direct mortgage payments directly to the real property creditor with the first of such direct payments to be credited by the real property creditor for the payment contractually due for January 2018.

    4.    In the event that the real property creditor, the current servicer or any subsequent assignee or holder of the mortgage debt attempts to collect any of these discharged principal payments, interest, fees or expenses, such action shall constitute a willful violation of the discharge injunction and contempt of the orders of this Court; and such action shall give the right to the debtor to pursue a proceeding before this Court for contempt and appropriate sanctions and such other state and federal statutory remedies as may be available to the debtor and that this Court shall specifically retain jurisdiction over any such claim or claims.

This Order has been signed electronically.  The
Judge's signature and Court's seal appear at the
top of the Order.

United States Bankruptcy Court

{:20180102075626:}